## HUMPHREY ANTHONY *versus* GEORGE LAPHAM.

Where the owner of land through which a natural stream flows, diverts the water for the purposes of irrigation, without returning the surplus into the natural channel, whereby the owner of land below entitled to use the water in the same manner, is deprived of his privilege, an action lies.

CASE for obstructing and diverting a watercourse. At the trial, before *Howe* J., in the Court of Common Pleas, it appeared that twenty years ago the defendant and the grantor of the plaintiff were tenants in common of the land through which the stream flowed ; that about eighteen years ago the land was divided between the then tenants, soon after which one of them conveyed to the plaintiff. In March 1825 the defendant erected a dam across the stream and opened a ditch above the dam, whereby a large portion of the water which before that time had been accustomed to flow through the defendant's land and pass on to the land of the plaintiff, was wholly diverted therefrom. The defendant contended, that he took by the erection of the dam no larger portion of the water than he was in the enjoyment of when the land was divided ; and that if he did, he took no more than was useful to him for the purpose of irrigating his lands, and that he had a right to all that was necessary for this purpose, although he might thereby deprive the plaintiff of a portion of the water he had before used for the same purpose. It did not appear that the plaintiff had ever appropriated the water in any other way than for irrigating his land. The jury were instructed, that each of the parties had a right to the enjoyment of the water in the same way and in the same proportions that it was enjoyed when the land was divided ; that if the defendant had taken a larger portion of the water than he then enjoyed, and the plaintiff was injured thereby, the action was sustained, and the defendant's having diverted it for the purposes of irrigation would form no justification of his conduct. The jury found a verdict for the plaintiff, and the defendant filed exceptions to the instruction of the judge.

*Robinson*, in support of the exceptions, relied upon the case of *Weston* v. *Alden*, 8 Mass. R. 136, which he said was

*Anthony v. Lapham.*

not essentially different from the one before the Court. In neither case had the plaintiff appropriated the water to the use of a mill. According to *Platt* v. *Root*, 15 Johns. R. 213, if the plaintiff had used the water eighteen years for carrying a mill, he would have had no right of action against the defendant. That is not at variance with the cases of *Bealey* v *Shaw*, 6 East, 208, — *Brown* v. *Best*, 1 Wils. 174, — *Colburn* v. *Richards*, 13 Mass. R. 420, — and *Cook* v. *Hull*, 3 Pick. 269, — which proceed on the ground of an ancient right in the party complaining. It does not appear, that at the time of the division by the tenants in common, the water was appropriated by either, and if the instruction to the jury was correct, neither party could use the water for any purpose.

*Briggs*, for the plaintiff, said that in *Weston* v. *Alden*, the defendant made sluices in the bank of the watercourse for the purpose of irrigation, but he turned the surplus water into the stream before it left his land. The present case is to be governed by that of *Colburn* v. *Richards*. In *Bealey* v. *Shaw* the plaintiff had appropriated the water four years only, and it was held that the defendant had no right to divert it. Here the plaintiff, having enjoyed for eighteen years a portion of the stream, has acquired a right to use it in the accustomed manner. And further, as the rights of the tenants in common continued in them proportionably upon the division, if the defendant had immediately afterwards erected his dam, he would have been liable to an action. He cited also *Brown* v. *Best*, 1 Wils. 174.

*Sept. 21st.*   *Per Curiam.* This case is to be supported, if at all, upon the authority of *Weston* v. *Alden*. The difference is that there the defendant took the water by small sluices over his land and returned it into the natural channel. Here the water was stopped by a dam. A great deal of it was absorbed by the land or lost by evaporation, and the surplus was not returned into the natural channel ; so that the plaintiff was deprived of the privilege which belonged to him. Every man, through whose land water passes, may use it for watering his cattle or irrigating his land, but he must use it in this latter

way so as to do the least possible injury to his neighbour who has the same right.[1]

*Judgment affirmed.*

---

[1] See 3 Kent's Comm. (3d ed.) 439, 444, and cases cited in notes ; *Blanchard Baker,* 8 Greenl. 253.